IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACIE STEVENSON, *as Special Administrator of the Estate of* JUAN M. SIFUENTES, *Deceased*, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>COUNTY OF ST. CLAIR, ILLINOIS; and )<br>ST. CLAIR COUNTY SHERIFF'S )<br>DEPARTMENT, )<br>)<br>*Defendants* ) | Case No. 14-CV-569-MJR<br><br>**PLAINTIFF DEMANDS<br>TRIAL BY JURY<br>ON ALL COUNTS AND ISSUES<br>SO TRIABLE.** |

## COMPLAINT

NOW COMES the Plaintiff, STACIE STEVENSON, as Special Administrator of the Estate of JUAN M. SIFUENTES, Deceased, by and through her attorneys, The Law Office of Rhonda D. Fiss, P.C., and for her complaint against Defendants, COUNTY OF ST. CLAIR, ILLINOIS, and ST. CLAIR COUNTY SHERIFF'S DEPARTMENT, alleges as follows:

### PARTIES

1.  That Stacie Stevenson ("Plaintiff") is the duly appointed, qualified and acting special administrator of the Estate of Juan M. Sifuentes, Deceased, pursuant to Order of the Twentieth Judicial Circuit Court, St. Clair County, Illinois, Case No. 14-P-324, on May 19, 2014.

2.  That at all times relevant herein and at the time of his death, JUAN M. SIFUENTES ("Decedent"), was a resident and citizen of the State of Illinois, United States of America.

3. That at all times relevant herein, Defendant, COUNTY OF ST. CLAIR, ILLINOIS ('St. Clair County"), was and remains a local governmental entity organized under the laws of the State of Illinois.

4. That at all times relevant herein, Defendant, ST. CLAIR COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Department"), was and remains a subdivision of St. Clair County, and therefore acts under color of state law.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) over Plaintiff's claims arising under the laws of the United States, more particularly 42 U.S.C. §§ 1983, 1988.

6. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims arising under Illinois law.

7. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to these claims occurred within St. Clair County, Illinois, which is within the territorial limits of this Court, namely, the Southern District of Illinois.

## FACTUAL ALLEGATIONS

8. On or about May 6, 2014, Decedent was arrested by O'Fallon police on a misdemeanor charge of suspicion of retail theft of property valued not greater than $300.00.

9. At the time of his arrest, Decedent began experiencing shortness of breath and was taken to Memorial Hospital in Belleville, Illinois.

10. Immediately upon his release from Memorial Hospital, Decedent was transported to the St. Clair County Jail ("Jail") and was thereafter placed in the Jail's infirmary unit.

11. At some point thereafter, Decedent was moved from the Jail's infirmary unit to a recovery area.

12. Later in the evening hours of May 6, 2014, Jail personnel found Decedent unresponsive, and Decedent was thereafter transported to St. Elizabeth's Hospital, where he was pronounced deceased.

## COUNT 1
### (42 U.S.C. § 1983)

13. Plaintiff fully incorporates the allegations contained in Paragraphs 1 through 12 by reference as though fully set forth herein.

14. Defendants, and each of them, acting under color of law pursuant to their authority as local governmental entities and/or elected officials for St. Clair County, Illinois, and/or the office of Sheriff of St. Clair County, Illinois, and/or local governmental employees and/or agents thereof, failed to provide necessary medical care and detainee observation to Decedent pursuant to a custom, policy or practice formulated by one or more of the Defendants under which Defendants regularly failed to provide adequate and necessary medical attention to detainees' serious medical needs and, more specifically, Decedent's serious medical needs as exemplified by their:

   (a) Failure to properly monitor Decedent;

   (b) Failure to take appropriate precautions for Decedent in light of their knowledge of his current medical condition;

      (c)      Failure to properly train Jail personnel in proper monitoring techniques for individuals who posed a serious risk of suffering a harmful or deadly medical episode;

      (d)      Failure to have sufficient personnel available and accompany Decedent to ensure property monitoring of an individual who posed a serious risk of suffering a harmful or deadly medical episode;

15.    As direct and proximate result of the deliberate indifference shown to Decedent, the Defendants deprived the Decedent of his right to equal protection of the laws and impeded and due course of justice in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, which ultimately resulted in the Decedent's death on or about May 6, 2014.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendants, for compensatory damages in an amount that is fair and reasoanble, for attorney's fees, costs, and all other fees and expenses recoverable under 42 U.S.C. § 1988, and for such other and further relief this Court deems just and proper.

**COUNT 2**
**(Willful and Wanton Conduct - Failure to provide medical care)**
**(Wrongful Death - 740 ILCS 180/1, et seq.)**

16.    Plaintiff fully incorporates the allegations contained in Paragraphs 1 through 12 by reference as though fully set forth herein.

17.    Upon information and belief, agents and/or employees of one or more of the Defendants, acting within the scope of their agency and/or employment therewith, knew from their observation of conditions that the Decedent was is in need of immediate medical care and,

through willful and wanton conduct, failed to take reasonable action to summon medical care for the Decedent.

18. As a proximate result of the foregoing willful and wanton failure(s) on the part of Defendants' agents and/or employees, Plaintiff was caused to die.

19. This action is brought pursuant to 740 ILCS 180/1, known commonly as the Illinois Wrongful Death Act.

20. That as of his death on May 6, 2014, Decedent was and remains survived by his spouse, three minor children, a sister and a brother, who have each sustained actual pecuniary losses and injuries due to the said wrongful death of Decedent including, but not limited to, funeral expenses, loss of financial support, loss of goods and services, hedonic damages, and have been deprived of his society, companionship, advice and aide.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendants, for compensatory damages in an amount that is fair and reasonable, at Defendants' cost, and for such other and further relief this Court deems just and proper.

### COUNT 3
**(Willful and Wanton Conduct - Failure to provide medical care)**
**(Suvival Action - 755 ILCS 5/27-6)**

21. Plaintiff fully incorporates the allegations contained in Paragraphs 1 through 12 by reference as though fully set forth herein.

22. Upon information and belief, agents and/or employees of one or more of the Defendants, acting within the scope of their agency and/or employment therewith, knew from their observation of conditions that the Decedent was is in need of immediate medical care and,

through willful and wanton conduct, failed to take reasonable action to summon medical care for the Decedent.

23. As a proximate result of the foregoing willful and wanton failure(s) on the part of Defendants' agents and/or employees, Plaintiff was caused to suffer great pain and anguish, and was ultimately caused to die.

24. That prior to his death, upon information and belief, the Decedent suffered physical pain, mental anguish, and disability of an extreme and serious nature, which injuries and damage survive the death of Decedent pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendants, for compensatory damages in an amount that is fair and reasonable, at Defendants' cost, and for such other and further relief this Court deems just and proper.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS AND ISSUES SO TRIABLE.**</u>

Respectfully submitted,

/s/ *Rhonda D. Fiss*
Rhonda D. Fiss #6191043

The Law Office of Rhonda D. Fiss, P.C.
23 Public Square - Suite 230
Belleville, Illinois 62220
Tel - 618.233.8590
Fax - 618.233.8713
jdd@fisslawoffice.com
**Attorney for Plaintiff**